UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                          Plaintiff,

                                                                              DECISION AND ORDER

                                                                              08-CR-6124L

                         v.

CLEVELAND NATHANIEL VALENTINE,
a/k/a Dean Gray
a/k/a Jonas,

                                          Defendant.
_____

       Defendant, Cleveland Nathaniel Valentine ("Valentine"), was convicted by a jury after trial of two counts, falsely representing a social security number, in violation of 42 U.S.C. § 408, and of aggravated identity theft, in violation of 18 U.S.C. § 1028A(c). Valentine now moves (Dkt. #59) on Count 2 only, the count involving aggravated identity theft, for a judgment of acquittal pursuant to FED. R. CRIM. P. 29(c) or for a new trial pursuant to FED. R. CRIM. P. 33. The Government duly responded (Dkt. #61), opposing the motion.

       The motion is in all respects denied. The principal issue raised when the motion was made at trial, and in this motion, revolves around the requirement that the Government must prove that the defendant knowingly used the means of identification of another person, knowing that that means of identification did belong to another actual person. This requirement was clarified in the Supreme Court decision in *Flores-Figueroa v. United States,* 129 S. Ct. 1886 (May 4, 2009).

At trial, Daniel Gray, a resident of Delaware, did testify before the jury, that it was his social security number that the defendant had used, utilizing the false name of "Dean Gray." There was no evidence that the defendant knew Gray and no evidence as to how the defendant came to acquire the particular social security number that he used when applying for a driver's license with the Department of Motor Vehicles.

The Government's response (Dkt. #61) sets forth in some detail (p. 4-12) a summary of the evidence presented at trial. I find that summary to be an accurate recitation of the evidence presented to the jury.

I find that such evidence was sufficient for a jury to determine, beyond a reasonable doubt, that when the defendant used the social security number that did not belong to him, he knew that social security number belonged to another actual person. Obviously, the jury was required to determine the state of mind of the defendant. Based on all the evidence, direct and circumstantial, the jury could draw the reasonable inference and conclusion that when defendant presented the means of identification, he acted knowingly and was aware that the number belonged to another person.

As the Government points out, it would strain credulity to believe that a random, false or made up social security number could be effectively used in a matter before the New York State Department of Motor Vehicles. Although it is unclear how the defendant obtained this social security number, the evidence presented allows the reasonable inference that when the defendant presented the social security number to the state agency, it passed muster and therefore must have belonged to an actual person.

Clearly the law does not require that the defendant know the person whose means of identification is being used. The jury is entitled to draw reasonable inferences from the evidence and conclude, as the jury did here, that the defendant acted knowingly.

CONCLUSION

Defendant's motion for a judgment of acquittal or new trial (Dkt. #59) is in all respects denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 23, 2010.